UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE ANGEL MADRIGAL REYNOSO,<br>ROBERT JOSEPH ARMSTRONG,<br>RODOLFO VELAZQUEZ, aka Javier<br>Alonso Angulo Monzon,<br><br>Defendants. | Case No. CR02-5823RJB |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RODOLFO VELAZQUEZ, aka Javier<br>Alonso Angulo Monzon<br><br>Defendant. | Case No. CR03-5363RJB<br><br>OPINION AND ORDER |

These matters come before the court on Remand from the Ninth Circuit[1] and on the Court's Procedural Orders (CR02-5823RJB, Dkts. 1017 & 1019). In each case, the court must determine whether each sentence imposed would have been materially different had the District Court known that the Sentencing Guidelines were advisory, and not mandatory. Burdens of proof are set out in the procedural orders.

---

[1] Reynoso - 9th Cir. No. 03-30222; Armstrong, 9th Cir. No. 03-30424; Velazquez, 9th Cir. No. 03-30572.

OPINION AND ORDER - 1

It is the Court's understanding that each defendant desires resentencing. The defendants should be warned, however, that resentencing does not guarantee a lower sentence. Indeed, this judge's criticisms of the guidelines have included that they were too harsh in some circumstances and too lenient in others.

The Court has considered, for each defendant, in addition to the Ninth Circuit's unpublished opinions, the following:

(1)     the presentence report;

(2)     sentencing memoranda;

(3)     the transcript of the sentencing hearing;

(4)     the judgment;

(5)     the file and events of the entire proceeding, including the sentences of co-defendants;

(6)     all memoranda filed in support of and in opposition to, resentencing.

United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005), directs that the District Court determine whether a "materially different" sentence would have been imposed, had the District Court known that the sentencing guidelines were advisory only. Ameline did not define "materially different sentence." The point from which a sentence is viewed becomes significant in applying that term to an existing sentence. For example, while a prosecutor may argue that one month off a 360-month sentence is not material, a defendant completing his 359th month of a 360-month sentence would likely find the same one month highly material.

The Ameline dissent, at pp. 1096-97, in discussing a "materially different sentence," speaks in terms of "denial of substantial rights," that is "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceedings."

Black's Law Dictionary defines "material" as "having some logical connection with the consequential facts" and "of such nature that knowledge of the item would affect a person's decision making; significant, essential." Regardless of which definition of "material" one accepts, the results in these cases would be the same.

OPINION AND ORDER - 2

Reynoso

Defendant Reynoso was convicted, by plea, of Use of Communications Facility To Facilitate a Drug Transaction (21 U.S.C. § 843(b) & (d), a 48-month maximum felony), and Unlawful Entry by an Alien (8 U.S.C. § 1325(a)(2), a 6-month maximum misdemeanor).  He was sentenced to 46 months in prison (the lower end of the guideline range) and one year of supervised release.

The Court, at sentencing, acknowledged the mandatory nature of the guidelines, and the court's lack of discretion (Transcript at 9, lines 1-7) and sentenced the defendant to the shortest legally allowable sentence of 46 months.  At page 10 of the Transcript, lines 2-4, the Court acknowledged that guideline sentences "are long sentences" and that they reflected the desire of the Congress.  Missing entirely was any discussion of or any application of the factors in 18 U.S.C. § 3553(a), because those factors - also the desire of the Congress - were entirely trumped by the guidelines.

Also missing was any meaningful comparison of Reynoso's sentence with the other 24 defendants sentenced by this judge in this case.  The requirement of a guidelines departure if disparity was found sharply limited the court's ability to compare defendants' sentences and to, out of simple fairness, adjust Reynoso's sentence to reach parity.

One can only speculate about what the recommendations of government counsel and defense counsel would have been had they known that the guidelines were advisory only.

In any event, it appears clear to this judge that Reynoso's sentence would have been materially different had the court known that the sentencing guidelines were only advisory. Resentencing should be ordered.

Armstrong

Defendant Armstrong was convicted of Conspiracy to Distribute Methamphetamine (21 U.S.C. §§ 841(a)(1) & (b)(1)(A), a 120-month to life felony) and Distribution of Methamphetamine (21 U.S.C. §§ 841(a)(1) & (b)(1)(B), a 60 to 480-month felony).  He was sentenced to the lower end of the guideline range, 360 months, plus five years of supervised release.

OPINION AND ORDER - 3

The Court, at sentencing, acknowledged the mandatory nature of the guidelines, and the Court's lack of discretion (Transcript at p. 35, lines 5-15).

The Court, at sentencing, only obliquely mentioned the "purposes of sentencing" statute (18 U.S.C. § 3553) as a basis for a low-end guideline sentence. Because of the guidelines, the factors set forth in that statute were not independently considered as applied to defendant Armstrong.

Of particular importance in Mr. Armstrong's case was the issue of disparity in sentencing. As is reflected in the Transcript at page 41, lines 5 through 22, the Court believed that the disparity shown and argued by defense counsel was not sufficient to justify a <u>departure</u> from the guidelines. The question of disparity in fact, or sentencing in line with the other 24 defendants out of fairness, was not considered by the court because the threshold guideline departure requirement was not met. Indeed, Armstrong's 360-month sentence was <u>10 years</u> longer than the highest sentence given to the other 24 defendants in the case.

One can only speculate about what the recommendations of counsel would have been had they known that the guidelines were advisory only.

It appears clear to this judge that Armstrong's sentence would have been materially different had the court known that the sentencing guidelines were only advisory. Resentencing should be ordered.

<u>Velazquez (aka Monzon)</u>

Defendant Velazquez was convicted of Conspiracy to Distribute Methamphetamine (21 U.S.C. § 841(a)(1) & (b)(1)(A)) and Possession with Intent to Distribute Methamphetamine (21 U.S.C. § 841 (a)(1) & 841(b)(1)(A)). Each offense was punishable by not less than 10 years. It was also determined that the defendant was subject to the Enhanced Penalty Statute, 21 U.S.C. §§ 841 & 851.

In a separate case, C03-5363RJB, Velazquez was convicted of Illegal Re-entry Following Deportation (8 U.S.C. § 1326(a)). The Court sentenced Velazquez to the statutory minimum of 240

months on the methamphetamine charges and concurrent 27 months on the illegal re-entry charge, along with terms of supervised release.

On this remand, the Ninth Circuit directed the Court to determine if it would have imposed a materially different sentence had it known the guidelines were advisory. The sentence imposed was based on the minimum term statutes cited above. The guidelines played no part in the sentencing. Accordingly, the defendant's request for resentencing should be denied. <u>United States v. Booker</u>, 543 U.S. ____, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and the <u>Booker</u> line of cases do not mandate a different result.

Also, on this remand, the Ninth Circuit directed that the District Court modify a condition of supervised release. A resentencing hearing should be conducting for that limited purpose.

<u>Reynoso/Armstrong<br>Procedure at Resentencing</u>

<u>Ameline</u> resentencing procedure has not been specifically addressed by the Ninth Circuit. Therefore, it is appropriate for this Court to set forth anticipated procedure. In doing so, the court has, in addition to the documents referenced at the beginning of this Opinion, considered AUSA Brunner's letter of 4 August 2005 (Dkt. 1012), Federal Public Defender Hillier's letter to Chief Judge Lasnik of 1 September 2005 (Dkt. 1017, Attachment 1), and the Federal Public Defender's Amicus Brief (Dkt. 1028).

When the Ninth Circuit speaks of "resentencing," one can only assume that word refers to a <u>de novo</u> proceeding. No limitations are placed on the circuit's remand. Nevertheless, even if a resentencing is to be <u>de novo</u>, that does not mean that the District Court must redo things that were properly done at the time of the first sentencing. Accordingly, the presentence reports, as (and if) modified at the sentencing hearings, should stand. New presentence reports should not be required. If the probation department desires to supplement existing presentence reports, however, such supplements will be considered by the Court.

OPINION AND ORDER - 5

1    Similarly, sentencing guideline work-ups - and the Court's decision regarding the guideline
2 applications - need not be redone (unless a now-unconstitutional finding was made by the Court that
3 affected the proper guideline calculation).

4    The effect of the guidelines at resentencing is a matter that may be left to the resentencing
5 hearings. To say that the guidelines are - or are not- presumptively reasonable makes no real
6 difference because the wide range of reasonable sentences for any crime gives no advantage to a
7 particular guideline range that might be legally reasonable. In other words, just because a guideline
8 range might be "presumptively reasonable" does not mean that another sentence, outside the
9 guideline range, is not reasonable.

10    It is obviously erroneous to say that a guideline sentence is presumptively the only reasonable
11 sentence. Such an interpretation would make <u>Ameline</u> meaningless.

12    In any given resentencing, the guidelines may carry great weight - or very little weight. The
13 law only requires that they be considered by the Court.

14    The Court is somewhat puzzled by the AUSA's statement that, "In the vast majority of cases,
15 the government will recommend that after consideration of all the factors in 18 U.S.C. 3553(a), the
16 sentencing court should impose a sentence within the applicable Sentencing Guidelines range." Dkt.
17 1012. The cases speak to lawyers as well as courts, and this judge would expect that government
18 resentencing recommendations will be made anew, knowing that the guidelines are only advisory.
19 The public, the defendant, and the Court should expect, in each individual case, that
20 recommendations will be based on the facts and the law existing at the time of resentencing.

21    The Court is also puzzled by the AUSA's statement that, "A sentence within the Guidelines
22 range reflects the federal courts' collective sentencing expertise accumulated over the past two
23 decades and, as such, generally is 'reasonable.'" Sentencing over the past two decades was based on
24 an unconstitutional and illegal scheme. Sentences reflected the judges' attempts to follow the law,
25 and hardly could be said to be based on the Court's independent "sentencing expertise." Indeed,
26 many judges thought that, if statistics showed heavy on the side of downward departures - as they

OPINION AND ORDER - 6

did - the result would be a lowering of guideline ranges to reflect the federal courts' expertise. The opposite occurred. Reduction of departure discretion in sentencing did not reflect the "federal court's collective sentencing expertise."

In addition to consideration of presentence reports and guidelines, the court will consider, at resentencing, original sentencing memoranda, the original sentencing transcript, the file, the events of the entire proceeding, including sentences of co-defendants, all supplemental resentencing memoranda, and any matters presented, and received, at the resentencing hearing. If either counsel requests an evidentiary hearing, counsel should advise the Clerk at the time of setting the resentencing hearing.

Any supplemental written materials should be filed and served not later than 14 days before the resentencing hearing, and any responsive material should be filed and served not later than two days before the hearing. If either side requests an evidentiary hearing, the party should serve a list of witnesses and a brief description of each witness's proposed testimony on opposing counsel within the timelines described above.

Therefore, it is now **ORDERED** that

(1) The sentences of defendants Reynoso and Armstrong are **VACATED**;

(2) The Court shall conduct resentencing for each of the three named defendants in accord with the foregoing opinion; and

(3) Each defendant should be returned to the Western District of Washington, as soon as possible, to assist counsel in preparation for resentencing, and for resentencing.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 21st day of October, 2005.

Robert J. Bryan
United States District Judge

OPINION AND ORDER - 7